GARY L. STIVER, APPELLANT, V.
ALLSUP, INC., AND KAREN TRETTER, APPELLEES.
587 N.W. 2d 77

Filed December 4, 1998.    No. S-97-780.

James E. Schneider, of Schneider Law Office, P.C., for appellant.

David Pederson, of Murphy, Pederson, Waite & McWha, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The district court granted the motion for summary judgment of appellees Allsup, Inc., and Karen Tretter (collectively Allsup), determining that Allsup's negligence, if any, was not the proximate cause of appellant Gary L. Stiver's damages as a matter of law. In this appeal, we are asked to reverse the district court's summary judgment order on grounds that the district court improperly admitted evidence and/or improperly took judicial notice of certain documents over Stiver's objection. We conclude that sufficient evidence was admitted, without objection, to support the district court's summary judgment, and thus we need not reach these assignments of error. We affirm the district court's order.

## BACKGROUND

Stiver, who resides in Sutherland, Nebraska, was injured on the job in 1991 and was diagnosed with a herniated disk. Stiver

returned to work in February 1992 but left within a month, stating that despite surgery, the 1991 injury and lingering effects of a work-related 1987 back injury left him physically unable to perform the duties of his job. He has remained unemployed.

Stiver's employer, Nebraska Public Power and Irrigation District, provided disability insurance for Stiver through North American Life Assurance Company. The policy provided Stiver benefits through February 1994, with such benefits to be reduced by any benefits payable under federal Social Security. North American Life Assurance referred Stiver to Allsup, Inc., to represent Stiver in his claim for disability benefits under title II of the Social Security Act. The principal office of Allsup, Inc., is located in Belleville, Illinois. North American Life Assurance agreed to pay Allsup's fees. The fees would not be deducted from any Social Security benefits awarded to Stiver. Social Security Administration (SSA) regulation allows non-lawyers to represent individuals with all claims and administrative appeals that are handled within the SSA. 20 C.F.R. § 404.1705(b) (1998). Stiver accepted Allsup's representation. Subsequently, Allsup filed a Social Security disability application on Stiver's behalf in November 1992, claiming entitlement to disability benefits beginning March 31, 1992. SSA denied Stiver's claim at the initial and reconsideration levels.

Stiver's case was transferred to Tretter, an Allsup, Inc., employee who handled appeals to SSA administrative law judges (ALJ) and the SSA appeals council, the third and fourth levels of appeal within the SSA. A request for a hearing was filed May 3, 1993.

Tretter informed Stiver by telephone that he had a right to a hearing in which he could personally appear and testify before an ALJ. Tretter understood that Sutherland was "near Omaha." Tretter told Stiver that the hearing would have to be in either Lincoln or Omaha. Tretter did not know and did not inform Stiver that the SSA conducts hearings in North Platte, about 20 miles from Stiver's home. Stiver signed both a written waiver of his right to personally appear before an ALJ and a written waiver of his right to a hearing, based upon Tretter's advice and the fact that his back injury made long automobile trips very painful. However, Stiver believed the only thing that he had

waived was his personal appearance; he believed that a hearing would still be held before an ALJ and that Tretter would represent him at the hearing. The waiver documents also did not state that Stiver could have his hearing in North Platte.

### SSA Determination and Appeals

ALJ Franklin Carroll resolved the appeal without a hearing and on the record submitted to him, as the waiver documents requested. On September 23, 1993, ALJ Carroll determined that the extent of Stiver's disability, combined with his age and level of education, was not sufficient to characterize Stiver as "disabled" under the pertinent SSA regulations and, thus, held Stiver was not entitled to Social Security disability benefits. See 20 C.F.R. § 404 subpt. P, app. 2, tbl. 1 (1998). Tretter requested a review of the ALJ decision from the SSA appeals council, which denied the request in March 1994. Tretter discussed the possibility of an appeal to the U.S. District Court with Stiver. However, Stiver told Tretter that he had retained an attorney for that purpose.

Stiver, through his counsel in the instant case, appealed to the U.S. District Court, requesting reversal of the unfavorable ALJ decision. *Stiver v. Shalala*, 879 F. Supp. 1021 (D. Neb. 1995). Stiver contended that his waiver of a hearing before ALJ Carroll was invalid. He argued that if Tretter had told him that he could have had a hearing in North Platte, he would not have waived the right to a hearing. The court granted Stiver's summary judgment motion, finding that Stiver's waiver was not knowing and voluntary, and remanded Stiver's claim. *Id.*

On rehearing of his disability claim, Stiver personally appeared at a hearing before ALJ Hugh Stuart and was represented at the hearing by his counsel in the instant case. On August 18, 1995, ALJ Stuart held that Stiver was not entitled to benefits until Stiver turned 50 years old on September 9, 1994. ALJ Stuart also held that based upon his findings, the SSA regulations that required a denial of benefits prior to Stiver's 50th birthday required a finding of disability once Stiver turned 50. See 20 C.F.R. § 404 subpt. P, app. 2, tbl. 1, rules 201.10 and 201.19 (1998).

In October 1995, Stiver filed a request for review of ALJ Stuart's decision with the SSA appeals council. In June 1996,

the appeals council remanded the case to an ALJ for a de novo hearing because the trial record upon which ALJ Stuart had made his decision was lost.

On August 7, 1996, Stiver personally appeared at a second rehearing before ALJ Emily Cameron Shattil and was again represented by his counsel in the instant case. In a September 23, 1996, decision, ALJ Shattil came to the same ultimate conclusion as the previous ALJ—that Stiver was not entitled to disability benefits before he turned 50 but was entitled to benefits after he turned 50. Stiver did not proceed further in the SSA venue.

### LINCOLN COUNTY DISTRICT COURT PROCEEDINGS

On September 22, 1995, after ALJ Stuart issued his decision, Stiver filed the instant case in Lincoln County District Court, suing Allsup for money damages. Stiver claimed that Allsup inadequately represented him on the appeal to ALJ Carroll and that its negligence and inadequate representation resulted in ALJ Carroll's unfavorable decision. Specific negligent acts Stiver alleged were (1) Tretter's failure to advise him that he could have had a hearing before an ALJ in North Platte and (2) Tretter's advice to waive the right to a hearing and, implicit within that allegation, that Tretter did not make clear that waiving the right would mean there would be no hearing at all.

In June 1997, Allsup moved for summary judgment. Allsup's counsel offered an exhibit which included an affidavit of Tretter and a copy of ALJ Shattil's decision. The exhibit was received into evidence over the objection of Stiver's counsel. Allsup's counsel also moved the district court to take judicial notice of items attached to an affidavit of Robert Sylvia, an Allsup employee. The items consisted of purported copies of (1) ALJ Carroll's decision, (2) the SSA appeals council's denial of a request to review ALJ Carroll's decision, (3) ALJ Stuart's decision, and (4) the *Stiver v. Shalala, supra,* decision. Stiver's counsel objected to the taking of judicial notice of these items; however, the district court overruled the objection and took judicial notice of the documents. Stiver's evidence, admitted without objection, consisted of an affidavit of his counsel, a deposition of Tretter taken during the *Stiver v. Shalala* proceeding, and an affidavit of Stiver.

The district court granted Allsup's motion for summary judgment. The court found that "it is obvious as a matter of law" that any negligence that Allsup may have committed in its representation of Stiver, in regard to Stiver's November 16, 1992, Social Security application, did not proximately cause Stiver any damages. The district court noted that ALJ Stuart's and ALJ Shattil's decisions were consistent with ALJ Carroll's earlier decision in that all three held that Stiver was ineligible for benefits prior to the time he turned 50 years old. Considering those subsequent ALJ decisions, there was "no evidence that [Stiver] was entitled to social security disability benefits had he personally appeared with a competent representative before Administrative Law Judge Carroll . . . ." Stiver appealed the district court's order granting summary judgment.

## ASSIGNMENTS OF ERROR

Stiver assigns the district court erred in (1) finding as a matter of law that the acts, omissions, commissions, misrepresentations, or negligence of Allsup did not proximately cause Stiver any damages; (2) finding as a matter of fact that the acts, omissions, commissions, misrepresentations, or negligence of Allsup did not proximately cause Stiver any damages; (3) finding as a matter of fact that there was no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts; (4) finding that Allsup was entitled to judgment as a matter of law; (5) considering exhibits offered in evidence over objection by Stiver; (6) taking judicial notice of exhibits not properly made a part of the record; and (7) taking judicial notice of the truth of purported exhibits which were not orders, judgments, findings of fact, or conclusions of law made by a court.

## SCOPE OF REVIEW

Summary judgment is proper when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Battle Creek State Bank v. Preusker*, 253 Neb. 502, 571 N.W.2d 294 (1997).

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Barnett v. Peters*, 254 Neb. 74, 574 N.W.2d 487 (1998); *Chalupa v. Chalupa*, 254 Neb. 59, 574 N.W.2d 509 (1998).

The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Battle Creek State Bank v. Preusker, supra.* A movant for summary judgment makes a prima facie case by producing enough evidence to demonstrate that the movant is entitled to a judgment if the evidence was uncontroverted at trial. *Kramer v. Kramer*, 252 Neb. 526, 567 N.W.2d 100 (1997); *Brown v. American Tel. & Tel. Co.*, 252 Neb. 95, 560 N.W.2d 482 (1997).

## ANALYSIS

Stiver alleges that Allsup's negligent representation of his November 1992 Social Security disability claim caused the denial of benefits. Stiver claims that Allsup negligently represented him through its failure to present oral arguments before ALJ Carroll and failure to inform Stiver that he could have personally appeared at a hearing in North Platte.

Whether Stiver's action sounds in ordinary negligence or professional malpractice, which we need not decide, proximate causation is an element of Stiver's cause of action that he must establish to succeed. See, *Ratigan v. K.D.L., Inc.*, 253 Neb. 640, 573 N.W.2d 739 (1998) (negligence); *Sacco v. Carothers*, 253 Neb. 9, 567 N.W.2d 299 (1997) (negligence); *Giese v. Stice*, 252 Neb. 913, 567 N.W.2d 156 (1997) (medical malpractice); *Gravel v. Schmidt*, 247 Neb. 404, 527 N.W.2d 199 (1995) (legal malpractice).

The district court granted summary judgment for Allsup because it found that there was no genuine issue of material fact regarding the element of proximate causation. Specifically, the court noted that ALJ Stuart and ALJ Shattil subsequently considered the same disability claim and also denied Stiver benefits for the time prior to his 50th birthday and that in both those

instances, Stiver had a hearing before the ALJ and was not represented by Allsup. The district court determined that there was no evidence in the record showing that Stiver was entitled to Social Security disability benefits had he personally appeared with a competent representative before ALJ Carroll.

Stiver argues as part of his assignments of error that the court improperly admitted evidence and improperly utilized judicial notice at the summary judgment hearing. We have often stated that a finding of an erroneous admission of evidence does not necessarily require reversal. Ordinarily, the erroneous admission of evidence in a summary judgment hearing is not reversible error if other relevant evidence, admitted without objection or properly admitted over objection, sustains the trial court's necessary factual findings. See *John Markel Ford v. Auto-Owners Ins. Co.*, 249 Neb. 286, 543 N.W.2d 173 (1996). See, also, Neb. Evid. R. 103(1) ("[e]rror may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected"). We need not reach any of these assigned errors because we conclude that even if all the contested evidence was improperly admitted or improperly judicially noticed, the district court had sufficient evidence before it to support its grounds for granting Allsup summary judgment.

Exhibit 5 comprises an affidavit of Tretter and a copy of ALJ Shattil's decision. When Allsup submitted exhibit 5 at the summary judgment hearing, Stiver objected only to nine paragraphs of the affidavit. ALJ Shattil's decision was admitted into evidence in its entirety without objection. Relevant facts within the decision are the following: (1) ALJ Shattil reviewed the same claim for benefits as ALJ Carroll; (2) Stiver's current counsel, i.e., someone other than Allsup, represented Stiver at an oral hearing before ALJ Shattil; (3) Stiver personally testified at the oral hearing; and (4) ALJ Shattil determined that Stiver was not entitled to Social Security disability benefits for the time prior to his 50th birthday.

Thus, the uncontroverted evidence indicates that Allsup's alleged negligence could not have been the proximate cause of Stiver's being denied benefits he would have been potentially entitled to at the time of ALJ Carroll's decision.

A proximate cause is a cause that (1) produces a result in a natural and continuous sequence and (2) without which the result would not have occurred. This is commonly known as the "but for" test. See *Sacco v. Carothers, supra.* Clearly, Allsup's alleged negligence could not be the "but for" cause of Stiver's failure to recover, since an ALJ refused recovery even when Stiver appeared with nonnegligent counsel. It is axiomatic that Stiver's alleged damages were not the result of the natural and continuous sequence of Allsup's alleged negligence, because as ALJ Shattil's decision indicates, Stiver suffered no injury.

ALJ Shattil's decision alone sustains the trial court's necessary factual findings concluding that proximate cause does not exist. See *John Markel Ford v. Auto-Owners Ins. Co., supra.* Without any evidence from Stiver to controvert the effect of ALJ Shattil's decision, the trial court's grant of summary judgment was proper.

Stiver also asserts in his brief that Allsup is liable for the fact that he did not receive the benefits he was entitled to on his 50th birthday (through ALJ Stuart's decision) until about 11 months after his birthday. However, Stiver presents no argument as to *why* or *how* Allsup's actions proximately caused a delay in Stiver's receiving benefits that Stiver was entitled to only after Allsup ceased representing him. We have held that a party who claims error in a proceeding is required to point out the factual and legal bases that show the error. *State v. Dwyer*, 226 Neb. 340, 411 N.W.2d 341 (1987); *State v. Copple*, 224 Neb. 672, 401 N.W.2d 141 (1987). See *Miller v. City of Omaha*, 253 Neb. 798, 573 N.W.2d 121 (1998) (stating that assertion of trial court error, absent argument as to how error affects issue in case, will not be considered). Absent accompanying arguments, we decline to speculate as to the reasoning behind Stiver's assertion.

## CONCLUSION

Allsup's alleged negligence cannot be the proximate cause of Stiver's damages. The fact that Stiver's Social Security disability claim was also rejected by ALJ Shattil, before whom Stiver personally testified while represented by someone other than Allsup, precludes the possibility that Allsup's failure to obtain

an oral hearing on Stiver's claim was the proximate cause of Stiver's being denied benefits. We affirm the district court's grant of summary judgment.

AFFIRMED.