MARVIN WILSON, APPELLANT, v. BRYAN MEMORIAL HOSPITAL, A NEBRASKA CORPORATION, ET AL., APPELLEES.
RUTH WILSON, APPELLANT, v. BRYAN MEMORIAL HOSPITAL, A NEBRASKA CORPORATION, ET AL., APPELLEES.

338 N.W.2d 796

Filed October 7, 1983. Nos. 83-070, 83-071.

Marjan R. Kmiec, and Richard J. Dinsmore, for appellants.

Kenneth C. Stephan of Knudsen, Berkheimer, Richardson & Endacott, for appellee Decker.

Joe P. Cashen and Neil B. Danberg, Jr., of Kennedy, Holland, DeLacy & Svoboda, for appellee Bryan Memorial Hospital.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an appeal from an order of the District Court for Lancaster County, Nebraska, in each of two related cases, dismissing the petitions for failure to prosecute diligently. We affirm.

The petitions filed by Marvin Wilson and Ruth Wilson, husband and wife, on May 9, 1979, alleged a cause of action of medical negligence against appellees, Douglass A. Decker, M.D., and Bryan Memorial Hospital, a corporation.

Preliminary motions were made and promptly ruled on by the court. Answers were filed by Decker and Bryan Memorial on August 22, 1979, and August 31, 1979, respectively. The cases were at issue from those dates.

On September 12, 1980, Decker moved for dismissal of both cases. He moved for dismissal of the suit brought by Ruth Wilson for want of prosecution. Decker moved to dismiss the suit brought by Marvin Wilson on grounds that Marvin had failed to answer the interrogatories which had been served on him on August 13, 1979. Both motions to dismiss were withdrawn. The answers to the interrogatories were not filed, and a motion to compel answers was filed on January 9, 1981. Appellants' counsel did not appear at the hearing. The interrogatories were eventually answered.

At the hearing on the motion for dismissal, the trial court observed that except for pleadings filed

resisting the motions to dismiss, the court files disclosed no action by the appellants for 3 years. Affidavits offered at the hearing established that the only discovery in the cases was that by appellees. Some effort was made to arrange depositions of the appellees in April 1982 but was apparently abandoned. On the date of the hearing, counsel for appellants again resisted dismissal, confessed that the cause was not ready for trial, and indicated that 60 to 90 days would be necessary. The trial court, in effect, found that 3 years and 3 months after the cause is at issue, the failure to have discovery completed and be prepared for trial indicated a decided lack of diligence. In addition, both cases had previously been placed on the dismissal docket of the trial court for want of prosecution, and one case had previously been on the dismissal docket twice before, only to escape.

It is elementary that a District Court has inherent authority, even absent a statute, to dismiss cases not diligently prosecuted. *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982).

We find that the District Court did not abuse its discretion in dismissing the action.

We are aware from the record that lead counsel is not a member of the Nebraska bar and is associated with Nebraska counsel to allow lead counsel's appearance in the courts of this state. It fairly appears that the extensive delays were the result of inaction by the lead counsel. Appearances by counsel not licensed in this state are a matter of grace and not of right, and the same degree of diligence is required of them as counsel admitted to the Nebraska bar.

We further observe that in the suggested case progression rules for the District Courts the recommended time for disposition of this type of action is 18 months. To fail to affirm the decision of a trial court on the second and third motions to dismiss for want of diligent prosecution, involving a delay twice

as long as the total recommended disposition time, would be a travesty and an affront to courts and counsel who are in good faith attempting to support this court's determination to insure speedy resolution of cases in all the courts of Nebraska.

AFFIRMED.