BILLY BILLUPS, INDIVIDUALLY AND AS REPRESENTATIVE OF THOSE INDIVIDUALS SET FORTH HEREIN, APPELLANT, V. JADE, INC., A NEBRASKA CORPORATION, AND LA PEN, INC., A NEBRASKA CORPORATION, APPELLEES.

482 N.W.2d 269

Filed April 10, 1992.   No. S-91-734.

A. James McArthur for appellant.

Richard H. Hoch, of Hoch & Steinheider, for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

On August 4, 1988, in the district court for Lancaster County, Billy Billups, a Nebraska penitentiary inmate, filed an action against Jade, Inc., and its corporate subsidiary, La Pen, Inc. As the result of an agreement with the Nebraska Department of Correctional Services, Jade, and correspondingly La Pen, has a manufacturing business at the state penitentiary and employed penitentiary inmates to turn out sewn products. According to Billups, Jade and La Pen violated both state and federal labor laws by paying prison inmates less than the statutory minimum wage.

On May 16, 1989, the district court issued an order to show cause why Billups' case should not be dismissed for want of prosecution. However, apparently for good cause shown, which is undisclosed in the record, the court removed Billups' case from the dismissal docket. On August 3, Billups filed an amended petition to include himself and other Nebraska penitentiary inmates as plaintiffs, but continued to base the action on an alleged violation of state and federal labor laws which prescribed minimum wages. Billups' action was brought to issue when Jade and La Pen filed an amended answer on September 27. On October 31, Jade and La Pen served interrogatories on Billups, and answers to the interrogatories were signed in December 1989.

Billups' case, on May 8, 1990, was again placed on the dismissal docket, but was removed on June 4, apparently on the assurance that Billups would prosecute his pending case. Nothing transpired until March 11, 1991, when Jade and La Pen received the answers to interrogatories which had been signed in December 1989. No explanation was given for the hiatus between the signing of the answers to interrogatories and

their receipt by Jade and La Pen. On March 18, Jade and La Pen filed a motion for dismissal on account of Billups' failure to prosecute the action.

On May 3, at the hearing on the dismissal motion, Billups informed the court that he had believed that La Pen was about to file in bankruptcy, and, therefore, he withheld prosecution of the action. At the conclusion of the hearing, the court dismissed Billups' action "for want of prosecution." Billups appeals from that dismissal.

Billups argues that the district court erred in dismissing the action because Neb. Rev. Stat. § 25-601 (Reissue 1989) requires that a civil action be decided on its merits, unless certain statutorily prescribed situations authorize dismissal; for example, a plaintiff's voluntary dismissal of an action before submission for determination, a plaintiff's failure to appear for trial, or a dismissal for want of necessary parties.

This court has addressed the propriety of dismissing a civil action for want of diligent prosecution. In *Gutchewsky v. Ready Mixed Concrete Co.*, 219 Neb. 803, 805, 366 N.W.2d 751, 752 (1985), we recognized that a court has inherent authority to dismiss a civil action as the result of a lack of diligent prosecution, when we stated:

> There is no doubt that the district court has the inherent power to dismiss a case for failure to prosecute with due diligence. *A. Hirsh, Inc. v. National Hair Co.*, [210 Neb. 397, 315 N.W.2d 236 (1982)]; *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978). As we noted in *Schaeffer* at 223, 263 N.W.2d at 104: "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the trial courts."

See, also, *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978) (sanction by dismissal is necessary to prevent undue delay in disposition of pending cases and to avoid congested dockets in trial courts). Since authority to dismiss a civil action for failure to prosecute with due diligence is within a court's inherent powers, judicial authority to dismiss an action for lack of prosecution exists independent of, and in the absence of, a statute authorizing such dismissal. See, *Wilson v. Bryan*

*Memorial Hosp.*, 215 Neb. 446, 338 N.W.2d 796 (1983); *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982); *Brown v. Lincoln*, 157 Neb. 840, 61 N.W.2d 836 (1954). Dismissal of a civil action for lack of prosecution is addressed to the discretion of a trial court, whose ruling, in the absence of an abuse of discretion, will be upheld on appeal. See *Schaeffer v. Hunter, supra.* A dismissal for lack of prosecution is without prejudice and does not result in a disposition on the merits of a controversy. *Pressey v. State*, 173 Neb. 652, 114 N.W.2d 518 (1962). Cf. § 25-601 (dismissals without prejudice).

Consequently, the issue which we must address is whether the district court abused its discretion in dismissing Billups' action under the circumstances.

> [A] judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system.

*State v. Juhl*, 234 Neb. 33, 43, 449 N.W.2d 202, 209 (1989). Accord, *Stewart v. Amigo's Restaurant, ante* p. 53, 480 N.W.2d 211 (1992); *Wachtel v. Beer*, 229 Neb. 392, 427 N.W.2d 56 (1988); *Bump v. Firemens Ins. Co.*, 221 Neb. 678, 380 N.W.2d 268 (1986).

Billups' action was twice placed on the district court's dismissal docket after months of inactivity in the litigation, but apparently escaped dismissal solely on the basis that Billups would diligently prosecute the action. Moreover, although Neb. Ct. R. of Discovery 33(a) (rev. 1989) requires that interrogatories be answered within 30 days after service of the interrogatories, Billups' answers to interrogatories were not served on Jade and La Pen until a full 16 months had elapsed after service of the interrogatories. That unexplained delay in the litigation is attributable entirely to Billups. Furthermore, we note that pursuant to the Case Progression Standards for civil actions in district courts of Nebraska, Billups' case should have been tried or heard on its merits within 18 months after the action was filed. Neb. Ct. R. of Case Progression Standards (rev. 1989). Billups' action, filed in August 1988, had been

pending almost 3 years, and nearly twice as long as the period allowed for disposition in accordance with the Case Progression Standards, before dismissal on May 3, 1991. Even with the additional plaintiffs in August 1989, the Billups action had been pending 21 months before dismissal in May 1991. As this court observed in *Wilson v. Bryan Memorial Hosp., supra,* regarding the Case Progression Standards:

> To fail to affirm the decision of a trial court on [a motion] to dismiss for want of diligent prosecution, involving a delay twice as long as the total recommended disposition time, would be a travesty and an affront to courts and counsel who are in good faith attempting to support this court's determination to insure speedy resolution of cases in all the courts of Nebraska.

215 Neb. at 448-49, 338 N.W.2d at 798. Thus, in the absence of a showing of good cause, a litigant's failure to prosecute a civil action, resulting in noncompliance with the Nebraska Supreme Court's Case Progression Standards for civil actions in district courts, is a basis to dismiss an action on account of a lack of diligent prosecution. Billups' belief, expressed at the hearing on the Jade-La Pen dismissal motion, namely, that there was a possibility of La Pen's filing a petition in bankruptcy, is an insufficient showing of good cause relative to the Case Progression Standards. In view of desired docket control at the trial level, dismissal of an inactive civil action allows a court to turn its attention to other pending litigation and reduce the number of cases awaiting disposition. Consequently, we find no abuse of discretion in the district court's dismissal of Billups' action; hence, the judgment of the district court is affirmed.

AFFIRMED.