Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/27/2023 08:06 AM CDT

Gregg Schultz, appellant,
v. State of Nebraska and
Karina Adame, appellees.

___ N.W.2d ___

Filed June 20, 2023.    No. A-22-387.

1. **Courts: Dismissal and Nonsuit: Appeal and Error.** The exercise of the power to dismiss a matter for lack of prosecution rests in the sound discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion.

2. **Judgments: Appeal and Error.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.

3. **Courts: Dismissal and Nonsuit.** A district court has the inherent power to dismiss a case without prejudice for failure to prosecute.

4. **Courts: Pretrial Procedure: Time.** District courts must be given wide discretion to ensure the timely disposition of cases is reached in a manner consistent with fairness to all parties.

5. **Actions: Dismissal and Nonsuit: Rules of the Supreme Court.** In the absence of a showing of good cause, a litigant's failure to prosecute a civil action, resulting in noncompliance with the Nebraska Supreme Court's progression standards for civil actions in the district courts, is a basis to dismiss an action for failure to prosecute.

6. **Actions: Parties.** The plaintiff bears the responsibility to prosecute a case with reasonable diligence.

7. **Courts: Dismissal and Nonsuit: Good Cause.** There are four factors to assist in determining whether good cause exists to avoid dismissal of a case for lack of prosecution. They include whether a new suit would be barred by the statute of limitations, the length of delay, excuses for that delay, and if there were previous dismissals for lack of prosecution that have been entered and rescinded.

Appeal from the District Court for Hall County: Patrick M. Lee, Judge. Reversed and remanded for further proceedings.

Gregory R. Coffey, of Friedman Law Offices, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Phoebe L. Gydesen for appellees.

Riedmann, Bishop, and Arterburn, Judges.

Riedmann, Judge.

## INTRODUCTION

Gregg Schultz sued the State of Nebraska and its employee, Karina Adame, for damages he allegedly sustained in a motor vehicle accident with Adame while she was acting in the scope of her employment. Eighteen months after the action was filed, the Hall County District Court dismissed Schultz' case for failure to prosecute. Because the district court abused its discretion in failing to consider the requisite factors in determining whether good cause existed not to dismiss the case, we reverse the order of dismissal and remand the cause for further proceedings.

## BACKGROUND

On August 9, 2018, Schultz and Adame were involved in a motor vehicle accident. Pursuant to the State Tort Claims Act, Schultz timely filed a claim with the State and later withdrew it on August 7, 2020, after the State failed to act upon it. The same day, Schultz filed suit against Adame and the State (hereinafter collectively the State), claiming Adame was negligent and her negligence was the proximate cause of damages sustained by him. After the State filed its answer on September 14, no further action was taken, and on March 15, 2022, the district court issued an order to show cause why the case should not be dismissed for lack of prosecution. The hearing was scheduled for April 21.

At the show cause hearing, Schultz' counsel advised the district court that the parties had agreed to a progression deadline and were ready to proceed with the case. Upon questioning from the court, Schultz stated that discovery requests were drafted and typically would be sent out after the complaint. The State responded, however, that it had not received any requests, nor had it sent any requests to Schultz. It stated that it anticipated sending discovery requests within the next week or two. When Schultz' attorney was asked by the court if he had taken any action to prosecute the case, he responded "Not much, Your Honor." He offered to consent to a more expedited schedule if the court preferred.

The district court noted its concern that the case was filed 18 months prior to the hearing, yet there had been no attempt to prosecute the case. It then found that Schultz had failed to show good cause why the matter should not be dismissed but stated that Schultz could refile. Schultz interjected that the statute of limitations precluded him from refiling and that since the parties stipulated to a progression schedule, he requested the court to reconsider. The State affirmed that Schultz' representations as to his conversations with the State and its agreement to move forward were accurate. The district court responded that the issue was not whether there was an agreeable progression schedule, but that Schultz had not yet taken any action in prosecuting his case. It conceded that it had not looked at the statute of limitations issue, but because Schultz had not shown good cause, it dismissed the matter.

On April 28, 2022, Schultz filed a motion to reconsider or reinstate the case. At the hearing on the motion, Schultz' counsel offered his affidavit setting forth the efforts he made with the State's counsel following receipt of the order to show cause. Attached to it were two emails that predated the show cause hearing. One email was from the State's counsel to the court's bailiff, advising that the parties agreed that the case should not be dismissed for lack of prosecution and inquiring whether a hearing would still be necessary. The other

email was between the parties and laid out their agreed-upon proposed progression schedule. Schultz' counsel also offered an accelerated proposed scheduling order in which the case could be set for trial in April 2023.

Schultz argued that the district court should reconsider its order, because the district court's inquiry is not limited to the amount of work completed but should include the parties' plan moving forward. He explained that the parties had agreed on a progression schedule and had plans to get the case back on track. Schultz also argued that, alternatively, the district court should reinstate the case because case law requires the district court to analyze various factors that ultimately weighed in his favor.

The State confirmed that it was not taking a position on the motion to reconsider or reinstate, but it would agree to the proposed progression schedule. It expressed its opinion that the case was "relatively simple" "in terms of the amount of discovery" that needed to be done. The district court took the matter under advisement.

Prior to the district court's ruling on the motion to reconsider or reinstate, Schultz filed two pleadings: a stipulation to reopen the record and an affidavit from Schultz' counsel. The district court denied Schultz' request to reopen the record and did not consider any items offered beyond those offered at the hearing. It concluded that at the show cause hearing, Schultz did not show any cause, much less good cause, for why the case should not be dismissed for lack of prosecution. It then declined to reconsider its previous determination to dismiss the case and denied Schultz' motion to reconsider and reinstate. Schultz appeals.

## ASSIGNMENTS OF ERROR

Schultz assigns the district court abused its discretion by (1) dismissing Schultz' action for failure to prosecute and (2) denying Schultz' motion to reconsider or reinstate.

## STANDARD OF REVIEW

[1] The exercise of the power to dismiss a matter for lack of prosecution rests in the sound discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Marcuzzo v. Bank of the West*, 290 Neb. 809, 862 N.W.2d 281 (2015).

[2] An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Buttercase v. Davis*, 313 Neb. 1, 982 N.W.2d 240 (2022), *modified on denial of rehearing* 313 Neb. 587, 985 N.W.2d 588.

## ANALYSIS

*Dismissal Following Show*
*Cause Hearing.*

Schultz contends the district court abused its discretion by dismissing his action for failure to prosecute. He argues the district court failed to analyze all the factors in determining whether good cause was shown why the case should not be dismissed. Because we agree that the district court failed to consider the requisite factors, we find the district court abused its discretion when it dismissed Schultz' case.

[3,4] A district court has the inherent power to dismiss a case without prejudice for failure to prosecute. See *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the trial courts. *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978). The district court also has the discretionary power to dismiss a case without prejudice for want of prosecution under Neb. Rev. Stat. § 25-1149 (Cum. Supp. 2022). District courts must be given wide discretion to ensure the timely disposition of cases is reached in a manner consistent with fairness to all parties. See *Talkington v. Womens Servs., supra*. However, this discretion

must be exercised reasonably and not arbitrarily. See *Beliveau v. Goodrich*, 185 Neb. 98, 173 N.W.2d 877 (1970).

[5] The Nebraska Supreme Court's case progression standards for a civil case's disposition recommend 18 months. See Neb. Ct. R. § 6-101(A) (rev. 2013). Our research uncovers no examples in case law of applying this standard as a per se rule, which means that a case can exceed 18 months under certain circumstances. However, in the absence of a showing of good cause, a litigant's failure to prosecute a civil action, resulting in noncompliance with the Supreme Court's progression standards for civil actions in the district courts, is a basis to dismiss an action for failure to prosecute. *Marcuzzo v. Bank of the West, supra.* Therefore, a case can be dismissed for surpassing the 18-month progression standard if good cause is not shown.

[6,7] The plaintiff bears the responsibility to prosecute a case with reasonable diligence. *Id.* Each case must be looked at with regard to its own peculiar procedural history and the situation at the time of dismissal. *Talkington v. Womens Servs., supra*. The meaning of good cause must be determined in light of all the surrounding circumstances. *DeVries v. Rix*, 203 Neb. 392, 279 N.W.2d 89 (1979). The Supreme Court has provided four factors to assist in determining whether good cause exists to avoid dismissal for lack of prosecution. Whether a new suit would be barred by the statute of limitations is an important consideration, but it cannot on its own establish an abuse of discretion in dismissing a case. See *Schaeffer v. Hunter, supra*. Other relevant considerations are the length of delay, excuses for that delay, and if there were previous dismissals for lack of prosecution that have been entered and rescinded. *Id*. Our research also indicates that the public's interest in expeditious resolution of the litigation, the court's need to manage its docket, the public policy favoring disposition of cases on their merits, and the availability of less drastic sanctions are relevant considerations. See 24 Am. Jur. 2d *Dismissal, Discontinuance, and Nonsuit* § 59 (2018).

Here, the district court's analysis was limited to what Schultz had done to prosecute the case before the show cause order was issued. In other words, its focus was solely on the reason for the delay, and it determined that Schultz failed to take any action to prosecute the case. It did not consider the remaining factors that we consider in our determination of whether dismissal of the action constituted an abuse of discretion.

At the hearing on the order to show cause, Schultz advised the court that he would be precluded from refiling the case based upon the statute of limitations. The district court acknowledged that the statute of limitations was a potential issue but admitted that it had not looked into the issue. Regardless, it concluded that Schultz "has not shown good cause as to why this matter should not be dismissed." The impact of the statute of limitations is an "important consideration" as to whether good cause was shown, yet the district court did not consider it. See *Schaeffer v. Hunter*, 200 Neb. 221, 224, 263 N.W.2d 102, 104 (1978). Our review of the record indicates that the accident occurred on August 9, 2018, and Schultz withdrew his political subdivision tort claim on August 7, 2020. Pursuant to Neb. Rev. Stat. § 81-8,227(1) (Reissue 2016), Schultz had 6 months from August 7 (until February 7, 2021) to file suit. Therefore, when the court dismissed the case on April 21, 2022, the statute of limitations had run.

Regarding the length of the delay, the court commented that the case had been pending for 18 months. We are cognizant that the progression standards for district courts reflect that 98 percent of civil cases should be completed in 18 months. See § 6-101(A). But we also recognize that the progression standards recommend that the trial judge implement certain processes to ensure compliance with this standard, including using early progression orders. However, it does not appear as though any progression order was entered in this case prior to its dismissal.

Furthermore, although we do not condone the lack of case activity, our research reveals that 18 months is not an inordinate amount of time for a case to remain on a court's docket. See, e.g., *Schaeffer v. Hunter, supra* (case reinstated twice over 4-year period). See, also, *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993) (case allowed to proceed after three previous dismissals and reinstatements despite its 2-year pendency); *Billups v. Jade, Inc.*, 240 Neb. 494, 482 N.W.2d 269 (1992) (case on dismissal docket twice over 3-year period); *A. Hirsh, Inc. v. National Hair Co.*, 210 Neb. 397, 315 N.W.2d 236 (1982) (case on dismissal docket twice over 8-year period), *disapproved on other grounds, Fidler v. Life Care Centers of America*, 301 Neb. 724, 919 N.W.2d 903 (2018). And our research reveals only one instance where the Supreme Court affirmed a district court's dismissal without the case being reinstated or removed from the dismissal docket at least once before. See *Roemer v. Maly*, 248 Neb. 741, 539 N.W.2d 40 (1995) (affirming dismissal from appeal brought after court term had already expired).

As to the third factor, and the basis upon which the court dismissed the case, Schultz admitted that "[n]ot much" had been done by him to move the case forward. But after receipt of the order to show cause, Schultz worked with the State's counsel to devise a progression order and offered to accelerate that plan at the show cause hearing, which the State provided was an accurate representation of their conversations. Although "[n]ot much" had been done, evincing the absence of an excuse for the delay, both counsels were prepared to move the case forward.

The fourth factor the court should have considered was whether there had been previous dismissals and reinstatements. As stated above, no prior progression order was entered. The Rules of Dist. Ct. of Ninth Jud. Dist. 9-11(C) (rev. 2010) authorize, but do not require, the court to notify parties regarding the length of time a case has been pending. It states:

> When directed by the court, the clerk shall prepare a list of pending civil cases in which no action has been taken for 6 months prior thereto. An order shall then be entered requiring that cause be shown, within 30 days from entry of order, as to why said case should not be dismissed for lack of prosecution. Notice of said order shall be sent to all attorneys of record and pro se parties. If good cause is not shown, such cases shall be dismissed.

It does not appear from our record that any notice was sent prior to the March 15, 2022, show cause order. Therefore, there were no prior dismissals or reinstatements of Schultz' case.

Because the court did not analyze the required factors, it is difficult to weigh the court's need to manage its docket and the expeditious resolution of cases with the public policy favoring disposing cases on their merits. See *Carrel v. Serco Inc.*, 291 Neb. 61, 864 N.W.2d 236 (2015) (recognizing that upon motion to vacate default judgment, law favors full opportunity to litigate issues). Implying a preference for addressing a case on the merits, the Supreme Court has stated that a much stronger showing is required to substantiate an abuse of discretion when an order dismissing a case is vacated than when it is not. See *Talkington v. Womens Servs.*, 256 Neb. 2, 588 N.W.2d 790 (1999).

Both parties appeared at the hearing prepared to continue to trial, evincing an agreement that the case should be heard on its merits. Furthermore, there were no alternate sanctions discussed by the district court, but Schultz suggested a shorter discovery period and a willingness to undergo mediation. See *Gutchewsky v. Ready Mixed Concrete Co*., 219 Neb. 803, 366 N.W.2d 751 (1985) (affirming reinstatement of case dismissed for lack of prosecution but imposing costs of appeal and attorney fees upon plaintiff), *disapproved on other grounds, Fidler v. Life Care Centers of America*, 301 Neb. 724, 919 N.W.2d 903 (2018). Lesser sanctions were available to the district court that could have allowed the case to be disposed of on its merits, despite the delay.

As stated above, we review the court's order for an abuse of discretion. An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Talkington v. Womens Servs., supra*. Each case must be looked at with regard to its own peculiar procedural history, and the situation at the time of the dismissal. *Id*.

Admittedly, Schultz' case had been pending for 18 months without movement. It is troubling that in his affidavit, counsel for Schultz seems to admit that he had conducted no formal discovery and could not point to any significant efforts he had made to prepare the case for trial or otherwise seek resolution. However, the court had not issued any prior progression orders and upon receipt of the order to show cause, the parties drafted an agreed-upon progression schedule. The case had not been previously dismissed and reinstated, and dismissal would result in a bar to refiling. The State had no objection to the case going forward.

We find these facts distinguishable from cases in which the Supreme Court has upheld a dismissal for lack of prosecution. See, e.g., *Billups v. Jade, Inc.*, 240 Neb. 494, 482 N.W.2d 269 (1992) (dismissal affirmed for case pending nearly 3 years with two prior dismissals and reinstatements); *Wilson v. Bryan Memorial Hosp*., 215 Neb. 446, 338 N.W.2d 796 (1983) (dismissal affirmed for cases pending over 3 years with prior placement on the dismissal docket); *Schaeffer v. Hunter*, 200 Neb. 221, 263 N.W.2d 102 (1978) (dismissal affirmed for case pending 4 years with two prior dismissals and reinstatements).

Although Schultz did not have a good excuse for the delay, the remaining factors indicate good cause existed to not dismiss the case. The district court relied only on the work completed prior to the hearing, and the district court's failure to consider the remaining factors was untenable and an abuse of discretion. Accordingly, we conclude the district court abused

its discretion in dismissing Schultz' case for want of prosecution and an absence of good cause.

*Motion to Reconsider or Reinstate.*

For purposes of completeness, we note that evidence was admitted at the hearing on the motion to reconsider or reinstate to further support the statements counsel made at the show cause hearing. Email correspondence between Schultz and the State evince the agreed-upon progression schedule prior to the show cause hearing. Email from the State's attorney to the district court's bailiff expresses the State's belief that the case should continue and that a hearing on the matter was unnecessary. And an affidavit submitted by Schultz' counsel shows that both parties were willing to expedite the discovery process to complete discovery in 8 months. Despite the evidence that both parties agreed the case should continue and had a plan to further it, the district court still determined that Schultz had not shown any cause to continue. As explained above, the district court did not analyze the numerous factors required for a show cause hearing, and its decision to overrule Schultz' motion to reconsider or reinstate, despite the evidence admitted, further highlights an abuse of discretion.

## CONCLUSION

We reverse the order of the district court dismissing Schultz' complaint. Accordingly, we remand the cause for further proceedings.

Reversed and remanded for
further proceedings.