IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


SAWO V. BATTLE CREEK MUT. INS. CO.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DORBOR SAWO, APPELLANT,

V.

BATTLE CREEK MUTUAL INSURANCE COMPANY, APPELLEE.


Filed February 18, 2020.    No. A-19-449.


Appeal from the District Court for Lancaster County, DARLA S. IDEUS, Judge, on appeal thereto from the County Court for Lancaster County, RODNEY D. REUTER, Judge. Judgment of District Court affirmed.

Dorbor Sawo, pro se.

Todd B. Vetter, of Fitzgerald, Vetter, Temple, Bartell & Henderson, for appellee.


PIRTLE, RIEDMANN, and BISHOP, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Dorbor Sawo appeals the order of the district court for Lancaster County affirming the order of the county court for Lancaster County granting summary judgment in favor of Battle Creek Mutual Insurance Company (Battle Creek). Sawo asserts that he is entitled to uninsured motorist coverage under the terms of his insurance policy with Battle Creek. For the reasons stated below, we affirm the order of the district court.

## BACKGROUND

In May 2014, Sawo was severely injured when he was struck by his own vehicle, a 1991 Honda Accord, during a carjacking. At the time of the incident, Sawo had a personal auto policy

with Battle Creek. After the incident, Sawo sought recovery under the uninsured motorist coverage provision of his policy, which recovery Battle Creek denied.

Pursuant to the terms of the insurance policy, Sawo was the named insured, and one of the insured vehicles was his 1991 Honda Accord. The insurance policy contained uninsured motorist coverage, which stated, "[Battle Creek] will pay damages for 'bodily injury' an 'insured' is legally entitled to collect from the owner or driver of an 'uninsured motor vehicle.' The 'bodily injury' must be caused by accident arising out of the operation, maintenance or use of an 'uninsured motor vehicle.'" The policy defined an "uninsured motor vehicle," and specifically excluded from that definition a motor vehicle "insured under the liability coverage of this policy."

In March 2018, Sawo filed a complaint against Battle Creek alleging that it breached the insurance policy by denying him uninsured motorist coverage. Battle Creek filed an answer, affirmatively alleging that the vehicle which struck Sawo was not an uninsured motor vehicle under the terms of Sawo's insurance policy. Battle Creek subsequently filed a motion for summary judgment. In support of its motion, it offered into evidence Sawo's complaint, its answer, Sawo's responses to requests for admissions, and its requests for admissions to which was attached a copy of the insurance policy at issue. In his responses to requests for admissions, Sawo admitted that the vehicle which struck him was insured for liability coverage under the policy.

The county court entered an order granting Battle Creek summary judgment. It determined that Sawo was struck by a vehicle which was insured under his insurance policy; therefore, it was not an uninsured vehicle according to the terms of the insurance policy and Nebraska law.

Sawo's attorney appealed the decision to the district court and thereafter withdrew from representation, over Sawo's objection. The district court affirmed the county court's order, agreeing that the vehicle which struck Sawo was insured under the liability provision of the policy, and therefore, it was not an uninsured vehicle. Sawo timely appealed.

ASSIGNMENTS OF ERROR

Sawo assigns 11 errors on appeal, generally asserting that the district court erred in affirming the county court's order granting summary judgment in favor of Battle Creek.

STANDARD OF REVIEW

The district court and higher appellate courts generally review appeals from the county court for error appearing on the record. *Griffith v. Drew's LLC*, 290 Neb. 508, 860 N.W.2d 749 (2015). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*.

An appellate court will affirm a lower court's granting of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Palmer v. Lakeside Wellness Ctr.*, 281 Neb. 780, 798 N.W.2d 845 (2011). In reviewing a summary judgment, the appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives the party the benefit of all reasonable inferences deducible from the evidence. *Id*.

The interpretation of an insurance policy presents a question of law that is decided independently of the trial court. *Countryside Co-op. v. Harry A. Koch Co.*, 280 Neb. 795, 790 N.W.2d 873 (2010), *disapproved on other grounds, Weyh v. Gottsch*, 303 Neb. 280, 929 N.W.2d 40 (2019).

ANALYSIS

Sawo assigned numerous errors on appeal, generally asserting that the district court erred in affirming the county court's order granting Battle Creek summary judgment. Most of Sawo's assigned errors were not both assigned and argued; therefore, we do not address them. See *Marcuzzo v. Bank of the West*, 290 Neb. 809, 862 N.W.2d 281 (2015) (appellate court addresses only assignments of error both assigned and argued). Accordingly, we address only Sawo's argument that the district court erred in affirming the county court's order granting summary judgment in favor of Battle Creek. We find no error in the district court's decision.

The crux of Sawo's argument is that he was entitled to uninsured motorist coverage because the individuals who struck him with his vehicle did not have liability insurance. However, uninsured motorist coverage mandates the existence of an "uninsured motor vehicle." According to Sawo's insurance policy, Sawo was the named insured and the policy provided liability insurance for his 1991 Honda Accord. The provisions of Sawo's uninsured motorist coverage state, "[Battle Creek] will pay damages for 'bodily injury' an 'insured' is legally entitled to collect from the owner or driver of an 'uninsured motor vehicle.' The 'bodily injury' must be caused by accident arising out of the operation, maintenance or use of an 'uninsured motor vehicle.'" The policy defines an "uninsured motor vehicle," and specifically excludes a "motor vehicle" "Insured under the liability coverage of this policy."

It is undisputed that Sawo was struck by his 1991 Honda Accord which caused his injuries. It is also undisputed that the 1991 Honda Accord was insured under the liability coverage of Sawo's policy. Consequently, the 1991 Honda Accord was not an uninsured motor vehicle; therefore, Sawo is unable to receive compensation from Battle Creek under that portion of his insurance policy.

Sawo's uninsured motorist policy is consistent with the Uninsured and Underinsured Motorist Insurance Coverage Act, which requires that automobile liability insurance policies provide for protection against uninsured and underinsured motor vehicles. See Neb. Rev. Stat. §§ 44-6401 to 44-6414 (Reissue 2016). Section 44-6407 states, in relevant part, that an uninsured motor vehicle "shall not include a motor vehicle: (1) Insured under the liability coverage of the same policy of which the uninsured or underinsured motorist coverage is a part." Thus, Battle Creek's exclusion of the 1991 Honda Accord under the uninsured motorist coverage policy is consistent with the Uninsured and Underinsured Motorist Insurance Act.

In a similar case, albeit one involving underinsured motorist coverage, the Nebraska Supreme Court affirmed the district court's order granting summary judgment in favor of an insurance company in part because the vehicle at issue was insured under the liability coverage section of the policy. It determined that the vehicle was therefore excluded from the definition of "underinsured motor vehicle" under the terms of the policy and Nebraska law, even though the

insured did not receive liability compensation under the policy. See *Alsidez v. American Family Mut. Ins. Co.*, 282 Neb. 890, 807 N.W.2d 184 (2011).

On appeal, Sawo argues that he also had a policy of insurance with State Farm Insurance which contained a named driver exclusion, but that the excluded driver was not responsible for his damages, nor was the excluded driver seeking coverage from Battle Creek. Although Sawo fails to explain how this would create coverage under his policy with Battle Creek, we note that this same exclusion is present in his Battle Creek policy. Sawo argues that this exclusion is against public policy and directs our attention to *Hood v. AAA Motor Club Ins. Assn.*, 259 Neb. 63, 607 N.W.2d 814 (2000).

In *Hood*, the named insured was a passenger in a vehicle being driven by her husband when they were struck by an underinsured vehicle. Her insurer denied her underinsured motorist coverage because her husband was an excluded driver under her policy, even though the driver of the underinsured motor vehicle was liable for the accident. The Supreme Court held that it was against public policy to deny an insured person uninsured or underinsured motorist coverage under the named driver exclusion when that driver was not responsible for the injury and was not seeking coverage. Sawo's argument is misguided, however, because the county court granted Battle Creek summary judgment because Sawo's vehicle was not an uninsured motor vehicle under the terms of the policy. The named driver exclusion was not at issue.

Sawo argues that because the carjackers were not insured for liability under his policy nor were they members of his household, the definition of an uninsured motor vehicle contained in § 44-6407 does not apply. He claims to hold otherwise violates public policy. Although Sawo does not specifically assign this as error, we reject his argument based upon *Alsidez v. American Family Mut. Ins. Co.*, 282 Neb. 890, 807 N.W.2d 184 (2011) (holding denial of underinsured motorist vehicle coverage because vehicle was insured under liability provision of policy and was driven by person to whom it was furnished for his regular use did not violate public policy).

While we are sympathetic to Sawo's plight, the terms of his uninsured motorist coverage simply do not provide coverage when the damages are a result of being struck by a vehicle that is insured under the liability provision of the same policy. Accordingly, we affirm the order of the district court.

CONCLUSION

For the foregoing reasons, we affirm the order of the district court.

AFFIRMED.