Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/15/2024 09:04 AM CDT

State of Nebraska, appellee, v.
Jacob W. Pollock, appellant.

___ N.W.3d ___

Filed October 8, 2024.    No. A-23-922.

1. **Courts: Time: Appeal and Error.** A district court's ruling on a motion to extend the time for filing a brief is reviewed for an abuse of discretion.
2. **Judgments: Words and Phrases.** An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence.
3. **Courts: Rules of the Supreme Court: Appeal and Error.** The applicable rules for appealing a county court's decision to the district court are found within Neb. Ct. R. §§ 6-1452 and 6-1518 (rev. 2022) and Neb. Rev. Stat. § 25-2728 et seq. (Reissue 2016 & Cum. Supp. 2022).
4. ____: ____: ____. The briefing rules set forth in the Nebraska Court Rules of Appellate Practice do not govern appeals to the district court when sitting as an intermediate court of appeals. Instead, the Uniform District Court Rules of Practice and Procedure govern the briefing rules when a district court sits as an intermediate court of appeals.
5. **Statutes: Time.** It is a general proposition that new procedural statutes have no retroactive effect upon any steps that may have been taken in an action before such statutes were effective. All things performed and completed under the old law must stand.
6. **Rules of the Supreme Court: Appeal and Error.** Where an appellant fails to comply with Neb. Ct. R. § 6-1518(B) (rev. 2022), appellate review is limited to plain error.
7. **Courts: Rules of the Supreme Court.** Neb. Ct. R. § 6-1519 of the Uniform District Court Rules of Practice and Procedure allows the district courts, upon a showing of good cause, to suspend a rule in a particular instance to avoid a manifest injustice.

8. **Courts: Time.** The district courts' inherent authority to do all things reasonably necessary for the proper administration of justice provides them the right to regulate briefing schedules.

Appeal from the District Court for Jefferson County, David J. A. Bargen, Judge, on appeal thereto from the County Court for Jefferson County, Linda A. Bauer, Judge. Judgment of District Court affirmed.

Dustin A. Garrison, of Garrison Law Firm, for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

Pirtle, Chief Judge, and Arterburn and Welch, Judges.

Pirtle, Chief Judge.

## INTRODUCTION

After requesting and receiving three extensions to file his initial appellate brief, Jacob W. Pollock failed to submit his brief by the imposed deadline, and the district court for Jefferson County dismissed his appeal. He now appeals, alleging that he did not have sufficient notice that failure to submit his brief by the deadline would result in the dismissal of his appeal. For the reasons that follow, we affirm.

## BACKGROUND

On March 10, 2023, after a stipulated bench trial, Pollock was convicted in county court on one count of driving under the influence, first offense. On April 26, he was sentenced to 7 days in jail, was fined $500, and had his license revoked for 6 months.

On May 4, 2023, Pollock filed his notice of appeal to the district court. On July 20, the district court issued a briefing schedule stating that Pollock's brief was due within 30 days and that the State's brief was due 30 days after that submission. In this order, the court stated:

> Failure of [Pollock] to timely file a brief in accordance with this Order without leave of Court for an extension

of time subjects the appeal to dismissal. Failure of the [State] to timely file a brief in accordance with this Order without leave of Court for an extension of time may permit [Pollock] to proceed ex parte.

A hearing in this matter will be held only upon further order of the Court, otherwise the case will be deemed submitted and under advisement upon the deadline for filing of a reply brief.

Following this order, Pollock's brief was due on August 21.

On August 18, 2023, Pollock filed a motion to continue and requested additional time to submit his brief. The court granted this motion the same day and gave Pollock 14 more days to file his brief. On September 5, the new due date, Pollock submitted another motion to continue requesting additional time to submit his brief. The court granted this motion and gave Pollock another 14 days. On September 14, Pollock filed his third motion to continue. On September 15, the court granted his motion and stated:

The Court, being fully advised in the premises, finds that said motion should be and hereby is granted, but only to allow an additional two weeks. This is the last extension the Court will grant [Pollock] for submission of his brief. It is due on or before October 2, 2023. Thereafter, the briefing schedule will proceed with or without [Pollock's] initial brief.

On October 2, 2023, Pollock filed another motion to continue, seeking an additional 7 days to file his brief. In this motion, he stated the "individual hired to prepare the brief . . . is still going through the material and it is taking longer than she anticipated." The court did not rule on this motion until after the October 2 deadline had passed. And Pollock did not file his brief until October 11.

On October 17, 2023, the court issued an order denying Pollock's fourth motion to continue and declared that his failure to submit a brief by October 2 resulted in the dismissal of his appeal. Pollock now appeals.

## ASSIGNMENT OF ERROR

Pollock assigns the district court erred by dismissing his appeal because of an untimely filed brief.

## STANDARD OF REVIEW

[1,2] A district court's ruling on a motion to extend the time for filing a brief is reviewed for an abuse of discretion. See *Twin Pines v. Rice*, 32 Neb. App. 782, 6 N.W.3d 226 (2024) (reviewing motion to extend time for filing statement of errors for abuse of discretion). See, also, *Schultz v. State*, 32 Neb. App. 59, 992 N.W.2d 779 (2023) (reviewing dismissal of action for lack of prosecution for abuse of discretion). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Timothy L. Ashford, PC LLO v. Roses*, 313 Neb. 302, 984 N.W.2d 596 (2023).

## ANALYSIS

Pollock asserts the district court abused its discretion in dismissing his appeal because it did not provide sufficient notice that his appeal would be dismissed if he bypassed the briefing deadline. In this argument, he relies on Neb. Ct. R. App. P. § 2-110(A) (rev. 2022), which states in relevant part: "If appellant has sought and obtained an extension of brief date and the court's order granting the extension subjects the appeal to dismissal without further notice, failure to file the brief within the extended time allowed may result in dismissal of the appeal without further notice." Pollock contends the court's order granting his third motion to continue did not specify the appeal was subject to dismissal without further notice if he failed to abide by the briefing deadline.

[3] We determine that Pollock's argument is misplaced. While Pollock relies on the requirements provided within § 2-110 for when a party fails to file a brief, the Nebraska Supreme Court has never found that this appellate briefing rule applied to appeals from the county court to the district

court. Instead, the applicable rules for appealing a county court's decision to the district court are found within Neb. Ct. R. §§ 6-1452 and 6-1518 (rev. 2022) and Neb. Rev. Stat. § 25-2728 et seq. (Reissue 2016 & Cum. Supp. 2022). But none of these rules dictate a briefing schedule the district court must follow in handling an appeal from a county court.

[4] This difference in applicable procedure is illustrated in *Houser v. American Paving Asphalt*, 299 Neb. 1, 907 N.W.2d 16 (2018). In that case, while discussing the district courts' "inherent authority to regulate such things as timing of record preparation, extension of brief dates, and argument dates," the Supreme Court compared the district courts' rule for filing a statement of errors against our own rules for filing appellate briefs. *Id.* at 15, 907 N.W.2d at 27. Specifically, the court stated:

> One of our court rules requires a section of the appellant's brief to contain, under an appropriate heading, "[a] separate, concise statement of each error a party contends was made by the trial court . . . ." Like the district court's statement of errors rule, our rule cautions that "consideration of the case will be limited to errors assigned and discussed," but that "[t]he court may, at its option, notice a plain error not assigned." In contrast to the district court's rule, our rule is grounded in statute, which requires that "[t]he brief of appellant shall set out particularly each error asserted . . . ."

*Id.* at 18-19, 907 N.W.2d at 28-29. While the substance of this quote is not relevant to the controversy at hand, it highlights that different rules are in effect when a district court sits as an appellate court compared to when an appellate court is directly involved. Therefore, we determine that the briefing rules set forth in the Nebraska Court Rules of Appellate Practice do not govern appeals to the district court when sitting as an intermediate court of appeals. Instead, the Uniform District Court Rules of Practice and Procedure govern the briefing rules when a district court sits as an intermediate court of appeals.

With this finding, we conclude the district court was not obligated to warn Pollock that his appeal was subject to dismissal without further notice if he failed to abide by § 2-110.

[5] However, we must still address whether the district court's dismissal of Pollock's appeal for failure to conform to the district court's briefing schedule was an abuse of discretion. When the district court dismissed Pollock's appeal, the Uniform District Court Rules of Practice and Procedure did not include rules for the filing of briefs. That has since changed. Effective September 11, 2024, § 6-1518 was updated to address briefs and oral arguments. Section 6-1518(F)(1)(a) (rev. 2024) now dictates as follows:

> Appellant's or Petitioner's brief must be served and filed within 30 days after the date the bill of exceptions is due to be filed. If no request for preparation of a bill of exceptions is filed, Appellant's or Petitioner's briefs must be served and filed within 30 days after the transcript is filed, unless the court directs otherwise.

Additionally, the rules now provide that "[r]equests for additional time to file briefs shall be supported by a showing of good cause." § 6-1518(F)(1). While these new rules provide more concrete deadlines for the filing of briefs, we are bound by the procedural rules that were in effect when the appeal was dismissed. It is a general proposition that "'new procedural statutes have no retroactive effect upon any steps that may have been taken in an action before such statutes were effective. . . . All things performed and completed under the old law must stand.'" *State v. Galindo*, 278 Neb. 599, 628, 774 N.W.2d 190, 219 (2009). Thus, our review is limited to the rules in effect when the district court dismissed Pollock's appeal.

[6,7] Although there was no rule under the Uniform District Court Rules of Practice and Procedure related to briefing schedules when Pollock's appeal was dismissed, § 6-1518(B) (rev. 2022) stated:

> Within 10 days of filing the bill of exceptions in an appeal to the district court, the appellant shall file

with the district court a statement of errors which shall consist of a separate, concise statement of each error a party contends was made by the trial court. Each assignment of error shall be separately numbered and paragraphed. Consideration of the cause will be limited to errors assigned, provided that the district court may, at its option, notice plain error not assigned. This rule shall not apply to small claims appeals.

Where an appellant fails to comply with § 6-1518(B), appellate review is limited to plain error. *State v. Warren*, 312 Neb. 991, 982 N.W.2d 207 (2022). The bill of exceptions in this matter was filed on June 27, 2023, and Pollock failed to submit a statement of errors within 10 days. Therefore, at that point, the district court could have limited its review to plain error. *Id.* See *North Star Mut. Ins. Co. v. Stewart*, 311 Neb. 33, 970 N.W.2d 461 (2022). However, Neb. Ct. R. § 6-1519 allows the district courts, upon a showing of good cause, to suspend a rule in a particular instance to avoid a manifest injustice.

[8] In *Houser v. American Paving Asphalt*, 299 Neb. 1, 15-16, 907 N.W.2d 16, 27 (2018), the Supreme Court explained it "has never held that a district court lacks the power to extend the time for filing a statement of errors or that its power to do so is limited by [§ 6-1519]." The Supreme Court stated, "This is not surprising given that early on, we characterized [§ 6-1519] as 'simply a procedural tool designed to frame the issues to be addressed in the appeal to the district court.'" *Houser*, 299 Neb. at 16, 907 N.W.2d at 27. The Supreme Court went on to hold that the district court had the authority to extend the time for filing a statement of errors and that this authority stems from the district court's "inherent judicial power . . . to do all things reasonably necessary for the proper administration of justice." *Id.* at 15, 907 N.W.2d at 26. And although we recognize the updates to § 6-1518 (rev. 2024) now provide an independent source of authority to regulate briefing schedules, prior to the adoption of those changes, the district courts' authority to extend and regulate briefing

schedules similarly stemmed from their inherent authority to do all things reasonably necessary for the proper administration of justice. Having determined that the district court had the right to regulate the briefing schedule in connection with Pollock's appeal, we find that the court did not abuse its discretion in dismissing Pollock's appeal for failing to conform with that schedule.

We determine the district court did not abuse its discretion in dismissing Pollock's appeal for failing to timely file his brief. We first note that Pollock had 151 days from the date he filed his notice of appeal on May 4, 2023, to the last deadline, set for October 2. Although Pollock had requested a fourth period of additional time prior to the October 2 deadline, the district court made it clear in its prior order that no more continuances would be granted. It also explained that "the briefing schedule will proceed with or without [Pollock's] initial brief." And although it is not strictly relevant to our analysis, we also observe that even if Pollock's fourth motion to continue had been granted, he still would have bypassed his requested 7-day extension by not filing his brief until October 11. Given that the district court had already granted Pollock three periods of additional time to file his brief, made it clear in its third order that no more continuances would be granted, and, in the same order, referenced the original scheduling order that set forth the consequences for failing to timely file a brief, we do not believe the district court's decision to dismiss Pollock's appeal for failing to timely file his brief was untenable or unreasonable. Therefore, we conclude that the district court did not abuse its discretion in dismissing Pollock's appeal.

## CONCLUSION

We determine the district court did not abuse its discretion in dismissing Pollock's appeal for failure to timely submit his brief as previously ordered by the district court.

AFFIRMED.