Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/12/2022 09:08 AM CDT

State of Nebraska, appellee, v. Eighteen Thousand
Dollars in U. S. Currency ($18,000.00),
appellee, and Christopher Bouldin,
Interested Party, appellant.

___ N.W.2d ___

Filed May 20, 2022.    No. S-21-660.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question
   of law that an appellate court resolves independently of the trial court.
2. **Appeal and Error.** An argument that does little more than to restate an
   assignment of error does not support the assignment, and an appellate
   court will not address it.

Appeal from the District Court for Seward County: James C.
Stecker, Judge. Affirmed.

Bradley A. Sipp for appellant.

Lory A. Pasold, Seward Chief Deputy County Attorney, for
appellee State of Nebraska.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke,
Papik, and Freudenberg, JJ.

Papik, J.

A law enforcement officer seized $18,000 in cash from
Christopher Bouldin during a traffic stop. Following a trial in
subsequent forfeiture proceedings, the district court found that
the State had shown by clear and convincing evidence that the
cash was used or intended to be used to facilitate a violation
of the Uniform Controlled Substances Act and ordered the

cash forfeited to the State. Bouldin now appeals and asserts that the district court applied an incorrect standard of proof and that there was insufficient evidence to order the forfeiture. We affirm.

## BACKGROUND

This case began when the State filed a petition pursuant to Neb. Rev. Stat. § 28-431 (Reissue 2016), alleging that on or about August 1, 2020, an officer with the Seward County Sheriff's Department seized $18,000 from Bouldin. According to the petition, the cash was used or intended to be used to facilitate a violation of the Uniform Controlled Substances Act and asked the district court to order that it be forfeited to the State. Shortly thereafter, Bouldin entered his appearance and filed an answer in which he asserted that the cash should be returned to him.

The matter was set for trial, but Bouldin did not appear. The only witness to testify was the officer who seized the cash from Bouldin. The officer testified that on the day at issue, he was operating a marked patrol car on Interstate 80 in Seward County, Nebraska. There, he initiated a traffic stop and, later, a search of a vehicle driven by Bouldin. The officer found and seized $18,000 in cash.

The officer testified to various pieces of information that he obtained during the stop that led him to believe that Bouldin intended to purchase a large amount of marijuana with the seized money. Among other things, the officer testified that Bouldin told the officer he was traveling from his home in Virginia to Colorado; that a certified drug dog positively indicated the presence of illegal narcotics in the vehicle; that Bouldin's phone had pictures of marijuana taken in both Virginia and Colorado; that a Colorado area code phone number had sent text messages to Bouldin's phone containing photographs and video of what the officer identified as marijuana and "THC wax"; that Bouldin had sent text messages to the same number requesting "8 widow" and "8 goat";

and that in the officer's opinion, the person using the other phone number was offering to sell marijuana and "THC wax," and that Bouldin was agreeing to make a purchase. The State also introduced evidence that Bouldin had previously been convicted in Utah of attempted possession of a controlled substance with intent to distribute.

After the trial, the district court entered an order in which it stated that it had found by clear and convincing evidence that the seized cash was used or intended to be used to facilitate a violation of the Uniform Controlled Substances Act. The district court ordered the cash forfeited to the State and entered an order of distribution.

Bouldin filed a timely appeal.

## ASSIGNMENTS OF ERROR

On appeal, Bouldin assigns that the district court erred by (1) applying a clear and convincing evidence standard of proof and (2) finding that there was sufficient evidence to order forfeiture.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law that an appellate court resolves independently of the trial court. See *State v. Riessland*, 310 Neb. 262, 965 N.W.2d 13 (2021).

## ANALYSIS

*Standard of Proof.*

Bouldin claims that the district court erred by applying a clear and convincing evidence standard of proof in considering whether the money was used or intended to be used to commit a violation of the Uniform Controlled Substances Act. He submits that the correct standard is beyond a reasonable doubt.

The parties agree that this case is governed by § 28-431. That statute sets forth how such cases are to proceed if, as here, a party files a claim to property that the State has sought to forfeit. It provides in relevant part:

If the claimant proves by a preponderance of the evidence that he or she (a) has not used or intended to use the property to facilitate an offense in violation of the act, (b) has an interest in such property as owner or lienor or otherwise, acquired by him or her in good faith, and (c) at no time had any actual knowledge that such property was being or would be used in, or to facilitate, the violation of the act, the court shall order that such property . . . be returned to the claimant. If there are no claims, if all claims are denied, or if the value of the property exceeds all claims granted and it is shown by clear and convincing evidence that such property was used in violation of the act, the court shall order disposition of such property at such time as the property is no longer required as evidence in any criminal proceeding.

§ 28-431(6).

Bouldin makes no argument he carried the burden of proof that the foregoing language places on the claimant. His argument is instead focused on the burden of proof the statute places on the State.

Bouldin's argument relies on prior cases governed by § 28-431 in which we observed that the State was subject to a beyond a reasonable doubt standard. See, e.g., *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999); *State v. 1987 Jeep Wagoneer*, 241 Neb. 397, 488 N.W.2d 546 (1992). At the time of those cases, however, § 28-431(4) expressly provided that in order for property to be forfeited, the State was required to prove beyond a reasonable doubt that property was used in violation of the Uniform Controlled Substances Act. See § 28-431(4) (Reissue 2008). In 2016, the Legislature amended the statute to remove the "beyond a reasonable doubt" language and to replace it with "clear and convincing evidence." See 2016 Neb. Laws, L.B. 1106, § 6. Because the district court applied the standard of proof required by the governing statute and Bouldin makes no claim that the statute is unconstitutional, we find no error on the part of the district court.

We acknowledge that in *State v. Franco, supra*, one of the cases upon which Bouldin relies, we held that forfeiture actions pursuant to § 28-431 are criminal proceedings. Because this case does not require us to determine whether forfeiture proceedings under the statute remain criminal in nature after the 2016 amendments to § 28-431, we leave that question for another day.

*Sufficiency of Evidence.*

Bouldin's second assignment of error is that there was insufficient evidence for the district court to find that the $18,000 was subject to forfeiture. Bouldin's brief, however, provides next to nothing in the way of argument in support of this assertion. He states only that the district court "did not find that the evidence in the case at hand met the [beyond a reasonable doubt standard], very possibly because it simply did not." Brief for appellant at 9.

[2] As we have previously emphasized, an appellant is required to identify in his or her brief the factual and legal bases that support the assignments of error. See *Marcuzzo v. Bank of the West*, 290 Neb. 809, 862 N.W.2d 281 (2015). It is a fundamental rule of appellate practice that an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). The failure to comply with this rule comes with consequences. An argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will not address it. *Id.*

We find that Bouldin has failed to provide an adequate argument in support of his second assignment of error. The totality of his argument is an assertion that the evidence was insufficient under a beyond a reasonable doubt standard. As we have already explained, Bouldin has not shown that the State was required to meet a beyond a reasonable doubt standard. More importantly, Bouldin has not provided any

discussion of why the evidence was insufficient under any standard of proof. Because Bouldin failed to provide a specific argument in support of his second assignment of error, we will not address it. See *Filholm, supra*.

## CONCLUSION

Because we find no error on the part of the district court, we affirm.

AFFIRMED.