IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

ZITTERKOPF V. ZITTERKOPF

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

WILLIAM D. ZITTERKOPF, APPELLANT,

V.

JENNIFER L. ZITTERKOPF, APPELLEE.

Filed August 12, 2025.    No. A-24-543.

Appeal from the District Court for Scotts Bluff County: ANDREA D. MILLER, Judge. Affirmed.

William D. Zitterkopf, pro se.

No appearance by appellee.

RIEDMANN, Chief Judge, and MOORE and WELCH, Judges.

RIEDMANN, Chief Judge.

## INTRODUCTION

A father appeals from the order of the district court for Scotts Bluff County modifying custody of his minor child. The modification order awarded sole legal and physical custody of the child to his ex-wife and limited his parenting time to supervised visitation on alternating weekends. He raises various arguments as to why the modification was in error. For the following reasons, we affirm.

## BACKGROUND

William D. Zitterkopf and Jennifer L. Zitterkopf were divorced in 2020. The decree granted them joint legal custody of their minor son and Jennifer sole physical custody subject to William's parenting time. In November 2023, Jennifer filed a complaint to modify custody and the parenting plan. We note the record indicates William also filed a complaint to modify, but the complaint

itself is not included in the record before us. Throughout the proceedings, both parties were self-represented.

Jennifer's complaint stated that child custody, parenting time, and child support were contested issues. She requested the court award her sole legal and physical custody and enter a modified parenting plan. The complaint also alleged that a material change in circumstances had occurred including that William had been convicted of a felony and sentenced to jail, had shown consistent unhealthy, risky, and inappropriate behavior which had caused detriment to the parties' son, and had been unable to provide support for the minor child. She also alleged that modification was in the child's best interests.

Multiple hearings were held between December 2023 and May 2024, and the record shows that, among other filings, William filed a motion to dismiss Jennifer's complaint alleging he was not properly served. The court did not rule on this motion to dismiss and both parties' modification complaints were set for trial in June 2024.

William failed to appear at trial. Jennifer, however, testified that William had exhibited concerning behavior, was unable to pay child support, was unable or unwilling to comply with the parenting time schedule, was engaging in substance abuse and continued criminal behavior, and had exhibited verbal and emotional abuse, harassment, and threats. Jennifer stated William's stalking and emotionally abusive behaviors had increased and were now being exhibited toward their son. She also offered records of William's child support payment history, school attendance record for the parties' son, text messages between the parties, and certified copies of William's prior criminal convictions, which were received by the court.

Following trial, the court entered an order finding that a material change in circumstances existed and that it was in the best interests of the parties' son to modify the custody order. It awarded Jennifer sole legal and physical custody and limited William's parenting time to alternating weekends at a licensed supervising agency in Lincoln, Nebraska, where the parties resided. It provided, however, that if the dates and times were unworkable for the agency "the parties are to work with the agency to schedule an alternate date and time with equivalent parenting time for William." The court dismissed William's complaint to modify and denied all other relief requested in any prior pleadings.

William timely appealed.

ASSIGNMENTS OF ERROR

William assigns as error, restated, that the court (1) modified custody without finding a material change in circumstances, (2) effectively terminated his parental rights by issuing an impossible visitation order, (3) failed to enforce a valid subpoena compelling the parties' son to testify, (4) proceeded without proper service, (5) unequally considered the parties' respective dismissed criminal charges, (6) failed to recalculate child support based on current financial data and imposed an unjust obligation, (7) exhibited actual and apparent judicial bias against him, (8) entered an unconstitutional order in violation of his rights to due process and equal protection, and (9) failed to address that the clerk of the district court committed clerical misconduct through ex parte communications with Jennifer's father.

## STANDARD OF REVIEW

Modification of a judgment or decree relating to child custody, visitation, or support is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record and will be affirmed absent an abuse of discretion. *Sulzle v. Sulzle*, 318 Neb. 194, 14 N.W.3d 532 (2024).

When a jurisdictional issue does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's; however, when a determination rests on factual findings, a trial court's decision on the issue will be upheld unless the factual findings concerning jurisdiction are clearly incorrect. *Hawley v. Skradski*, 304 Neb. 488, 935 N.W.2d 212 (2019).

## ANALYSIS

*Material Change in Circumstances.*

William assigns the district court erred by modifying custody without first determining there had been a material change in circumstances. He argues that the court's order does not demonstrate any new facts which would justify a change in custody and no evidence was introduced at trial which would require awarding sole custody to Jennifer.

The Nebraska Supreme Court has explained that proof of a change of circumstances is not an optional element to a modification proceeding. See *Weaver v. Weaver*, 308 Neb. 373, 954 N.W.2d 619 (2021). Proof of a material change of circumstances is the threshold inquiry in a proceeding on a complaint to modify because issues determined in the prior custody order are deemed preclusive in the absence of proof of new facts and circumstances. *Id*. An increase or escalation in parental instability or parental behavior that affects the best interests of the child can support a judicial finding that there has been a material change in circumstances, even if there is some evidence of similar behavior in the past. See *Lindblad v. Lindblad*, 309 Neb. 776, 962 N.W.2d 545 (2021).

Contrary to William's assertion, the court's order explicitly states it found "a material change in circumstances ha[d] occurred and it [was] in the best interest of the minor child for [Jennifer] to have physical and legal custody of [the child] subject to supervised parenting time with [William]." In explaining the material change the court stated:

> Jennifer has shown that William's behavior has escalated to a level where he presents as a danger to [the parties' son] and Jennifer. William's continued harassment, derogatory comments toward Jennifer, stalking behavior and substance use have all presented a situation in which had it been known to the dissolution court at the time of the initial decree, the Court would have decreed differently. Jennifer has thus met her burden to show a material change in circumstances.

The district court made an express finding that a material change in circumstances existed; thus it did not err as assigned by William. To the extent that William's assigned error encompasses his argument that the order does not demonstrate any new facts justifying a shift in custody, we reject that argument. See *Lindblad, supra*, (recognizing increase or escalation in parental behavior that affects child's best interests can support judicial finding of material change in circumstances).

*Visitation Order.*

William assigns that the court effectively terminated his parental rights by implementing a visitation order that is impossible to comply with. He argues that supervised visitation every other weekend is "impossible" because no supervised visitation providers were available on weekends. Brief for appellant at 9.

The court awarded William supervised visitation on alternating weekends but as stated above, allowed for flexibility if the dates and times were unworkable for the agency. Therefore, William is not prohibited from having visitation and, thus, the visitation order is not "impossible" to comply with.

*Enforcement of Subpoena.*

William assigns the court erred by failing to enforce a valid subpoena which compelled the parties' son to testify at the trial. The record reflects a subpoena was issued for the son and served on Jennifer. William contends the son did not appear at trial and that "[b]y refusing to compel compliance or hold [Jennifer] accountable, the court denied crucial testimony and compromised due process." Brief for appellant at 9.

The record does not indicate whether the child was present at the hearing. It does indicate, however, that William was not. Therefore, the court did not deny crucial testimony nor compromise due process because it was William, as the party requesting the subpoena, who would have elicited testimony from the child or requested that the court interview him. Without William's attendance, the child was never called to testify nor was the court requested to interview him. This assigned error fails.

*Proper Service.*

William assigns the court proceeded without proper service on him. The extent of his argument is that he "was never properly served" and consequently all subsequent court rulings are void, and that "[l]ack of service alone" warrants reversal. Brief for appellant at 10. The record shows William filed a motion to dismiss on December 19, 2023, asserting that Jennifer "failed to properly serve [him] with the necessary documents for the modification of child custody, thereby raising a significant issue of personal jurisdiction." His motion was not accompanied by a notice of hearing.

On that same day, William and Jennifer appeared telephonically on Jennifer's motion to set trial on her complaint to modify. The court advised the parties that due to William's pending criminal charges, it was not setting a trial date but proceeded to set a temporary orders hearing at which the parties would be allowed to provide affidavit evidence to address "some issues between the parties based on the filings that need to be resolved." At no time during that hearing did William object to the court's jurisdiction over him; rather, he acceded to the court's proposal.

William subsequently participated in the January 4, 2024, temporary orders hearing. At that hearing, the court noted that both parties had filed "a number of pleadings and requests regarding the minor child." William also offered evidence in support of temporary orders at that hearing and our record reflects that at some point, he also filed a complaint to modify custody.

William is correct that modification proceedings are subject to service of process requirements. Neb. Rev. Stat. § 42-364(6) (Cum. Supp. 2024) states that, "[m]odification

proceedings relating to support, custody, parenting time, visitation, other access, or removal of children from the jurisdiction of the court shall be commenced by filing a complaint to modify. . . . Service of process and other procedure shall comply with the requirements for a dissolution action." However, these requirements can be waived by a party making a general appearance in a case. See *Burns v. Burns*, 293 Neb. 633, 879 N.W.2d 375 (2016). William's participation in both the December 19, 2023, hearing and the January 4, 2024, hearing waived any service of process defects.

We acknowledge that William timely filed a motion to dismiss, and, according to the court's comments at the January 4, 2024, hearing, William filed a notice of hearing on January 3, a copy of which is not in our record. Assuming that notice related to the motion to dismiss, it was not timely. Rule 12-3(A)(1) of the Rules of the District Court of the Twelfth Judicial District (rev. 2010) provides:

> In Scotts Bluff County, when any motion requiring a hearing is filed, it should contain a notice of hearing with a date, time, manner of hearing, and certificate of service. . . . Failure to secure and serve notice of a date for hearing within 10 days after filing a motion will be deemed an abandonment of the motion.

William's motion to dismiss was filed on December 19, 2023; his notice of hearing was filed on January 3, 2024, more than 10 days later. Furthermore, William subjected himself to the jurisdiction of the court by participating in the court proceedings. We therefore determine that William has abandoned or waived any defect in service.

*Dismissed Criminal Charges.*

William assigns "[t]he district court improperly weighed dismissed criminal charges against [him] while ignoring identical charges against [Jennifer]." Brief for appellant at 6. William's associated argument, in totality, includes a proposition of law and states "[t]he district court considered [William's] dismissed charges but ignored similar or identical dismissed charges against [Jennifer]. This disparity demonstrates bias." *Id*. at 10.

It is a fundamental rule of appellate practice that an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *State v. $18,000*, 311 Neb. 621, 974 N.W.2d 290 (2022). An argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will not address it. *Id*. William repeats his assigned error in his argument but does not explain his assertion further. William's argument does nothing more than restate his assigned error and thus we decline to consider it.

*Child Support Calculation.*

William next assigns that the court failed to recalculate child support based on current financial data. He asserts that the court refused to consider updated financial evidence and consequently imposed an unjust child support obligation on him.

Although William's argument does little more than restate his assigned error, the record discloses that no financial data was offered at trial. The court could not err in failing to consider evidence never presented. Thus, there is nothing in the record to support William's claim that the

court refused to consider updated financial evidence, nor that the court imposed an unjust obligation.

*Judicial Bias.*

William also assigns that the court exhibited actual and apparent bias against him. He argues that the court denied him due process by ignoring Jennifer's contradictory testimony, dismissing or failing to rule on his motions, and by allowing Jennifer to read from an affidavit, but "hamper[ing] [his] presentation." Brief for appellant at 10.

An appellant is required to identify in his or her brief the factual and legal bases that support the assignments of error. See *$18,000, supra*. Conclusory assertions unsupported by coherent analytical argument fail to satisfy the requirement of arguing an assigned error to obtain consideration by an appellate court. *State v. Boppre*, 315 Neb. 203, 995 N.W.2d 28 (2023). William does not identify what contradictory testimony was provided by Jennifer, what motions the court failed to rule upon, nor in which proceeding he was hampered. We therefore decline to address this assigned error.

*Constitutional Challenge.*

William assigns as error the unconstitutionality of the district court's ruling. He does not argue this assigned error but rather includes a "Notice of Constitutional Challenge" at the conclusion of his brief. The extent of his assertion is as follows:

> Pursuant to Neb. Ct. R. App. P. § 2-109(E), [William] challenges the constitutionality of the [district] court's orders: Due Process Violation: Failure to enforce service of process, refusal to enforce subpoenas, and denial of parenting time without justification. Equal Protection Violation: Disparate treatment of dismissed charges against [William] versus those against [Jennifer].

Brief for appellant at 11.

As we have previously emphasized, an appellant is required to identify in his or her brief the factual and legal bases that support the assignments of error, and conclusory assertions unsupported by coherent analytical argument fail to satisfy the requirement of arguing an assigned error to obtain consideration by an appellate court. See *State v. $18,000*, 311 Neb. 621, 974 N.W.2d 290 (2022). See, also, *Boppre, supra*. William has failed to specifically argue this assigned error; therefore, we do not address it.

*Clerk's Ex Parte Communications.*

William further assigns that the court failed to address that the clerk of the district court was having ex parte communication with, and providing legal advice to, Jennifer's father. He contends that the clerk "allegedly" contacted Jennifer's father to facilitate filings of objections to subpoenas. Brief for appellant at 10. He asserts this exceeds the clerk's role and constitutes unauthorized legal practice, and that such ex parte interference undermines the fairness and integrity of the proceedings.

The record before us does not support William's assigned error as it contains no evidence of any subpoena issued for Jennifer's father, much less evidence that any communication occurred

between the clerk and Jennifer's father. The only indication in our record of William's assertion is contained in a motion to transfer filed by William in August 2023, but there is no corresponding notice of hearing nor any indication a hearing was requested. Because William has failed to present a record to support his assigned error, we decline to address it.

## CONCLUSION

For the foregoing reasons, we determine that William's assigned errors fail and affirm the modification order of the district court.

AFFIRMED.